FLOOD VS. ISAAC, impleaded, etc.

MORTGAGE FORECLOSURE: LIS PENDENS. (1) *Judgment irregular if notice of* lis pendens *not filed twenty days previous.* (2, 3) *Such filing inoperative until complaint is filed.*

1. If notice of *lis pendens* is not filed twenty days before judgment of foreclosure of a mortgage is entered, the judgment is irregular, and must be reversed on appeal of any party to the action. Tay. Stats., 1428, § 7; *Catlin v. Pedrick*, 17 Wis., 88.
2. The statute provides for the filing of such notice only *at or after* the time of filing the complaint; and a *previous* filing is *inoperative* until the complaint is filed.
3. Where, therefore, the complaint was not filed until the day before judgment was entered, although notice of *lis pendens* was filed, in form, many months before, the judgment is reversed.

APPEAL from the Circuit Court for *Fond du Lac* County. The defendant *Isaac* appealed from a judgment of foreclosure of a mortgage. The case is stated in the opinion.

*Gilson & Ware*, for appellant, to the point that notice of *lis pendens* was not properly filed twenty days before judgment, cited *Waring v. Waring*, 7 Abb. Pr. R., 472, note; *Burroughs v. Reiger*, 12 How. Pr. R., 171; *Farmers' L. & T. Co. v. Dickson*, 17 id., 477. To the point that *Isaac*, being interested in the fund arising from the sale, had a right to object that the judgment

was irregular, they cited *Manning v. McClurg*, 14 Wis., 350; *Catlin v. Pedrick*, 17 id., 88.

*W. H. Hurley* and *H. McLean*, for respondent:

A subsequent purchaser after suit commenced will not be affected with notice until the complaint is filed. But the appellant had notice of the action by *service* of the summons and complaint on him long after he purchased the mortgaged land. Hence he had all the notice that could have been given him by filing the complaint. The cases of *Manning v. McClurg* and *Catlin v. Pedrick* do not apply here. The appellant does not show that there are any subsequent creditors who may possibly be affected by the alleged irregularity.

LYON, J. Action to foreclose a mortgage. The appellant is a subsequent purchaser of the mortgaged premises. Notice of the pendency of the action was filed in the proper office July 30th, 1872; but the complaint in the action was not filed until June 5th, 1873. Judgment of foreclosure and sale was rendered by the court, and duly perfected and entered June 6th, 1873.

The only question presented for our determination is, whether notice of the pendency of the action was properly filed twenty days before the judgment was entered. If it was not, the judgment must be reversed; for the statute is imperative, that in an action for the foreclosure of a mortgage the notice *must* be filed twenty days before judgment. Tay. Stats., 1428, § 7. If not so filed, the judgment is irregular, and should be reversed on the appeal of any party to the action. *Manning v. McClurg*, 14 Wis., 350; *Catlin v. Pedrick*, 17 id., 88.

The statute provides as follows: "In an action affecting the title to real property, the plaintiff, *at the time of filing the complaint*, or at any time afterward*," may file such notice. No authority is given to file it before that time. Hence, although the notice in this action was filed, *in form*, ten months or more before the rendition of the judgment, such filing was entirely

inoperative until the complaint was filed. It bound no one, and was notice to no one, before the filing of the complaint. The case is in the same position as though the notice had been filed for the first time on the day preceding the entry of the judgment.

It is inevitable that the judgment must be reversed, and the cause remanded for further procedings according to law.

*By the Court.* — So ordered.