LYMAN S. WOODMANSEE et al., Appellants, *v.* AMOS S. ROGERS, SIMON WEIL et al., Respondents.

A mere levy under an execution upon property which has been attached is not such an " actual application of the attached property or the proceeds thereof to the payment of a judgment recovered in the action," within the meaning of section 682 of the Code of Civil Procedure, as will bar a subsequent lienor of the right to move to vacate the attachment. The section means an actual and real application as distinguished from a constructive one.

(Argued June 15, 1880 ; decided September 21, 1880.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, affirming an order of Special Term, which vacated an attachment issued herein. (Reported below, 20 Hun, 285.)

The motion was made on behalf of Simon Weil and others, composing the firm of Weil Brothers, who claimed as subsequent attaching creditors.

The material facts appear in the opinion.

*Otto Horwitz* for appellants. The levy in this case was an actual satisfaction of the judgment and would bar a subsequent lienor from moving against the attachment. (Code of Civil Proc., § 628; *Hayden* v. *Agent of Auburn State Prison,* 1 Sandf. Ch. 195 ; *Troup* v. *Wood,* 4 Johns. Ch. 228; *Wood* v. *Vanarsdal,* 3 Rawle, 401; *Ladd* v. *Blunt,* 4 Mass. 303 ; *Ex parte Lawrence,* 4 Cow. 417, 418; *Clerk* v. *Withers,* 2 Ld. Raym. 1072; 1 Salk. 322; *Hoyt* v. *Hudson,* 12 Johns. 207; *Reed* v. *Pruyn,* 7 id. 428 ; *Jackson* v. *Bowen,* 7 Cow. 13.)

*Morris J. Hirsch* for respondents. A creditor who has obtained and levied a subsequent attachment may move to vacate the prior attachment. (Code, § 682; *Steuben Co. Bank* v. *Alberger,* 18 Alb. L. J. 455.)

FINCH, J.   The plaintiffs obtained an attachment against the property of the defendant on the 20th day of October, 1879, and on the 22d of the same month perfected judgment in their action and issued execution, under and by virtue of which the sheriff levied upon the property of the defendant upon the same day.

The firm of Weil Bros. obtained a warrant of attachment against the property of the defendant, which is conceded to have been subsequent in point of time to that obtained by plaintiffs, although its date in the printed case is October 2, 1879. The date is probably a mistake, for the argument went upon the distinct concession on both sides that as, against the plaintiffs, the firm of Weil Bros. were subsequent lienors.

On the 28th of October, 1879, the latter moved to vacate the plaintiff's attachment, which motion was granted, and the order affirmed by the General Term.

The sole question presented here is whether, under section 682 of the Code, the subsequent lienors had the right to move, in face of the fact, that the defendant's property had already been levied upon by virtue of the plaintiffs' execution. The Code provides that the subsequent lienor may make the motion "before the actual application of the attached property or the proceeds thereof to the payment of a judgment recovered in the action."

We think the conclusion of the General Term, that a mere levy under an execution is not such actual application as to bar the right of the subsequent lienor to move, was correct. While a levy upon sufficient property has often been held to be payment of the debt, and to extinguish the judgment, it is only constructively so, and with reference to the equitable rights of others, and the judgment may, nevertheless, not be in fact paid. We think the language of the Code in the section referred to means an actual and real application of the property or its proceeds, as distinguished from a constructive one. The reason of the rule plainly leads in this direction. While the property remains, before it has been actually transferred to the plaintiff, or, in case of sale, before its proceeds have gone to him, it is possible for the

court to control and determine the liens upon it, fixing their order, and enforcing their payment on the one hand, or discharging or removing them on the other. No evil can result unless from a delay which has in fact transferred the property or its proceeds upon a lien fully and completely enforced. That evil was the one at which the provision of the section in question was aimed, and it does not exist where there is merely a levy under which neither the property, nor its proceeds, have actually and in fact passed to the creditor. That seems to us to be the true construction of the section, and it follows that the order should be affirmed.

All concur.

Order affirmed.