Evans, Assignee, etc., Respondent, vs. VIRGIN, imp., Appellant.

*April 15 — June 1, 1887.*

*Creditor's bill: Equitable jurisdiction.*

> Where, in an equitable action, in aid of an attachment at law which has been levied upon land alleged to have been fraudulently conveyed by the attachment debtor, such conveyance is found to have been made in good faith, with no intent to hinder, delay, or defraud creditors, the court cannot retain jurisdiction in order to subject notes and a mortgage for the purchase money, taken by the grantor at the time of the conveyance, to the claim of the plaintiff.

APPEAL from the Circuit Court for *Grant* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action in equity was commenced by Isaac Hodges in his own name, February 14 and 15, 1884, in aid of an attachment issued in favor of said Hodges and against *Noah H.* and H. H. Virgin, and in part levied upon the lands described in a deed executed by *Noah H. Virgin* and wife to Eugene W. Virgin, May 1, 1879, and recorded May 9, 1879, as the separate property of *N. H. Virgin.* The complaint, after alleging the claim of Hodges against N. H. Virgin & Son, as set forth in the complaint in said attachment suit and attachment, and the lien thereby acquired, as more fully appears in the statement in the case against *Noah H.* and H. H. Virgin *(post,* p. 153), decided herewith, alleges, in effect, that all of the property of the firm, and each of the members thereof, including the above seventy-eight acres of land, were insufficient to pay the just demands of Hodges against them; that May 1, 1879, the firm were indebted to Hodges exceeding $40,000; that said *Noah* and his co-defendant herein, said Eugene, confederated together to cheat and defraud the creditors of the firm, and especially

Hodges, and for that purpose *Noah* executed said deed, without consideration, to hinder and delay said creditors, and especially Hodges, all of which was then well known to said Eugene, and as a cover at the same time took back a mortgage of $2,000 — the amount of the nominal consideration named in the deed — to secure four notes of $500 each, payable in four equal payments in three, six, nine, and twelve years, with interest at six per cent.; that said seventy-eight acres of land were at the time worth at least $6,000; that N. H. Virgin fraudulently claims that the notes and mortgage were a subsisting lien upon the land. The prayer was to the effect that the deed and mortgage be adjudged fraudulent and void as against said attachment, and for general relief. The defendants Eugene and *Noah H.* severally answered, denying all fraud and confederacy, or that the firm or *N. H. Virgin* was insolvent at the time of the deed, and alleged the *bona fides* of the purchase, deed, and mortgage.

On the trial the referee found, in effect, that the land, at the time of the execution of the deed was worth $3,000; that the deed and mortgage back were made with intent to hinder, delay, and defraud the creditors of *N. H. Virgin*, and especially Hodges, and should be adjudged fraudulent and void in law as against said attachment. On the hearing of the report, it was found by the court, as matters of fact, in effect, that May 1, 1879, *N. H. Virgin* and wife executed the deed and sent it to their son, Eugene, then residing at Keithsburg, Illinois; that the only consideration therefor was the notes and mortgage back; that the mortgage was recorded on the same day as the deed; that in August, 1879, Eugene and wife moved upon the lands described in the deed, and occupied the same continuously down to April 15, 1884; that there was a dwelling-house, cistern, and out-buildings thereon; that the lands were pasture lands, and that Eugene placed stock thereon, and built

a barn, repaired the fences, sunk a well, and repaired out-buildings thereon for his stock, at an expense in all of $417 paid by him; that prior to this action he had sold five acres of the land for $300; that he had paid one of the $500 notes, and the interest on the others to May 1, 1884; that the other three notes remained unpaid; that the lands so conveyed were at the time worth $2,000; that the deed was made for value, in good faith, and with no intent to hinder and delay creditors.

As a conclusion of law, the court found, in effect, that the deed was a valid conveyance; that the three notes unpaid and the mortgage should be forthwith assigned and deliv-ered to the plaintiff, and the proceeds thereof applied on the judgment against the firm, and that Eugene recover his costs in the action, and judgment was ordered accord-ingly. From that portion of the judgment thereon which requires the assignment and delivery to the plaintiff of the three notes and mortgage to be applied as stated, the defendant *Noah H. Virgin* brings this appeal.

For the appellant there was a brief by *W. H. Beebe* and *Bushnell & Watkins,* and oral argument by *Mr. Beebe* and *Mr. Bushnell.* They contended that the relief granted in respect to defendant's notes and mortgage was not author-ized by sec. 2886, R. S. The case was not one in which a creditor's bill could be sustained; nor, if this had been a creditor's bill, would the court have adjudged the assign-ment and delivery of the notes and mortgage to the plaintiff, but, under secs. 2787, 3035, 3036, R. S., it would have appointed a receiver to collect them.

For the respondent there was a brief by *Carter & Cleary,* and oral argument by *Mr. Carter.* They argued that it was equitable to apply the money due to the debtor on the notes and mortgage to the payment of his debts. The court hav-ing taken jurisdiction to subject the land to plaintiff's claim, may retain it and do complete justice between the parties.

*Prescott v. Everts*, 4 Wis. 319; *Akerly v. Vilas*, 15 id. 412; 1 Story, Eq. Jur. sec. 64; *Buchanan v. Griggs*, 20 Neb. 165; *Swift v. Dewey*, id. 107.

CASSODAY, J. By virtue of the attachment the sheriff levied upon the land in question as the separate "property of *N. H. Virgin*, and all his right, title, and interest therein," February 12, 1884; and this suit in equity was thereupon brought in aid of that attachment. It appears that, nearly five years prior to the time when the attachment was so levied upon the land, *N. H. Virgin* and wife had conveyed the same to their son, Eugene, by warranty deed, and taken back the three notes and mortgage in question upon the same land to secure the payment of the purchase money. The court found, in effect, that such conveyance and mortgage were each made in good faith, and with no intent to hinder, delay, or defraud creditors. The plaintiff has not appealed, and such findings of fact must therefore be taken as verities. Upon such facts we must hold, as a matter of law, that such attachment never became a specific lien upon the particular land in question. Our reasons for such conclusion are sufficiently stated in the case against Mrs. Laughton *(ante*, p. 138), decided herewith. It is there in effect held that such suit in equity can only be maintained by a creditor at large after he has acquired such specific lien.

Did the attachment of the land of Eugene as the separate property of his father give such specific lien upon the notes and mortgage held by the latter? True, the mortgage was a lien upon the same land, but it was a mere incident of the debt, and as such would pass by mere sale and delivery of the notes. The notes and mortgage were personal property, and as such were never seized upon the attachment. A mere levy upon the land of the mortgagor as the separate property of the mortgagee cannot be regarded as an attachment of the notes and mortgage, nor as

a garnishment of the debtor, even if the maker of such notes and mortgage was subject to such garnishment, which the statute seems to prohibit. Subd. 1, sec. 2769, R. S. It follows that the attachment never became a specific lien *at law* upon the notes and mortgage, and hence that this suit in equity can in no sense be regarded in aid of such specific lien.

But it is urged, in effect, that although, under the findings, the court could not properly set aside the deed and mortgage, and subject the land to the payment of the claim as prayed, yet that, as the case was in equity, and the court had taken jurisdiction for one purpose, it properly retained it, and did complete justice between the parties, who were all before it. Assuming that such conclusions of the trial court were within the scope of the issues made by the pleadings, which is very doubtful, yet, in order to sustain them, it would be necessary to hold that a creditor at large, with no specific lien upon any property, much less upon *land*, as prescribed in sec. 3186, R. S., may maintain a bill in equity to reach credits and things in action in the keeping of the debtor; in other words, that such creditor at large, having failed in the object of his suit, was nevertheless entitled to the remedy given by the ordinary creditor's bill under sec. 3029, R. S., or supplementary proceedings under sec. 3030, R. S., without complying with the statutory conditions of either. Such a ruling would be entirely unwarranted by authority. For reasons in support of this conclusion, see the opinion in Mrs. Laughton's case (*ante*, p. 138), decided herewith, and the notes to the section of Pomeroy there cited.

*By the Court.*— That part of the judgment appealed from is reversed, and the cause is remanded with directions to dismiss the complaint.