Bradley, J.
—In December, 1881, Jonas Goodman retired from the firm of Hays, Thalheimer & Co., leaving in business the defendants who thereafter continued it in the firm name of Hays and Thalheimer, until July 7, 1884, when the attachments issued in these actions were levied upon their property, which consisted mainly of a stock of goods in a wholesale clothing store at Rochester, Ñ. Y. The firm was then insolvent, and the attachments were issued upon the ground that the defendants had disposed of and secreted and were about to dispose of and secrete their property with intent to defraud their creditors. The affidavits upon which they were issued were sufficient to support the attachments as was held by the court upon motions made by the defendants and some of their creditors to set them aside. The order in question was made upon motion noticed for hearing in April and heard in June, 1887, upon affidavits furnished by the moving party as well as. those which produced the issuing of the attachments. The controversy presented by the papers in its general features is not new in this court. It has been here on appeals from former orders vacating the attachments issued in these actions, and in an action brought' by Ignatz Thalheimer against the same defendants on motion of Mrs. Hays, their judgment creditor. 3 N. Y. State Rep., 441; 43 Hun, 639.
Early in the progress of the contest, and on July 25, 1884, with the consent of the parties then engaged in it, and the sanction of the court, the attached property was sold by the sheriff for $20,000, and the proceeds deposited as directed, which as has already been held by this court did not prejudice the rights of those creditors who obtained judgments and executions subsequently to such sale. Thalheimer v. Hays, 9 N. Y. State Rep., 665.
It is contended by the plaintiff’s counsel that the moving parties are chargeable with laches, and for that reason their motion should be denied. The motion was made nearly three years after their executions were issued and about one year and a half after the plaintiffs obtained their judgments, and issued their executions. If the purpose of the motion was to set aside the attachments for irregularity the lapse of time without the aid of a legitimate excuse would furnish some reason for the charge of laches. Law *664 rence v. Jones, 15 Abb., 110; Paper Works v. Willet, 14 id., 119; Patterson v. Graves, 11 How., 91.
And it was formerly held that a motion to vacate an attachment could not be effectually made after the recovery of judgment in the action in which it issued. Spencer v. Rogers L. Works, 13 Abb., 180.
But the right to make such motions has been extended to-persons who have acquired a hen junior to that of an attachment, by the statute, which provides that the defendant, or a person -who has acquired a lien upon his property after it was attached, may, at any time before the actual application of the attached property or its proceeds to the payment of the judgment in the action apply to vacate the attachment. Code Civ. Pro., § 682.
The motion under consideration was made on the merits, and, therefore, the rule of diligence applicable to cases of irrgularity merely is not necessarily controlling in the case at bar. The moving parties assert, as the reason for their delay in moving to discharge the attachments, that the motion of Mrs. Hays, which was granted, was pending and not finally disposed of in the court of appeals until the spring of 1887, when, by arrangement between the parties to it, the order was treated as effectual, and she was permitted to take the amount of her judgment from the fund.
This, in view of the circumstances stated in the affidavits in that respect, would seem to be a reason for not sooner taking the proceeding. And, since the statute before referred to, this right to make the motion for such relief seems to exist as long as the attached property or its proceeds remain actually unapplied to the payment of the judgment in the action. That had not been done, and this motion having been made on the merits, we think the charge of laches is not available as an objection to the motion. Woodmansee v. Rogers, 82 N. Y., 88; affirming 20 Hun, 285.
The question, therefore, is whether or not the conclusion of the special term was fairly justified by the facts presented by the affidavits. The. affidavits used in support of the application for the attachments fairly required the inference of a fraudulent disposition or concealment of the property of the defendants. And those arose mainly from the statement of the amount of their property and pecuniary situation in December, 1881; their manner of doing business, its apparent results and their changed and insolvent condition in July, 1884, when the affidavits were made.
They were then concededly insolvent, and the affidavits tended to show that in less than two and a half years before then they had a firm capital in their business amount *665 ing to $50,000 over liabilities, and that they failed to account for the shrinkage. The defendant Hays, by his affidavit, denies that the firm had such amount of capital in December, 1881, and says the goods then estimated at $50,000 were not worth more than sixty per cent of that amount, or $30,000, that their other assets were not then sufficient to pay their liabilities, that their business was unprofitable, and that their capital was wholly exhausted by their losses, and he proceeds to account for their losses and insolvency, in doing which he refers to some business and mercantile transaction and their results, conducted by him for the firm in Indiana, Ohio and Michigan, and while his statements in some respects are corroborated by the affidavits of others, they are quite severely challenged and criticised by the affidavits of the other defendant and his father, Ignatz Thalheimer. And there are some circumstances which reflect upon his character for integrity, and tend quite clearly to indicate that he did not deal as frankly and fairly with his partner as he was required by such relation.
The business referred to in the three last named states was managed wholly by him, and mostly in his name alone. And whatever may have been his superior means of information it is evident that he had more knowledge than his junior partner of the actual and apparent condition of the firm prior to the 5th of July, 1884. His wife was enabled in her action, by service of process some time before that on her husband alone, to obtain judgment on her claim against the defendants on July eight of that year, and issue execution without the knowledge of the other defendant.
This gave her the first lien following that of the attachments, and after the attachments, on her motion, were vacated she received the amount of her judgment from the proceeds of the property. While the defense interposed to the plaintiff’s action was unavailable in result only as delay of recovery by them, it gave to other creditors the opportunity to obtain judgments and executions in advance of the plaintiffs of amounts sufficient to exhaust the fund and defeat the application upon their recoveries of any of the proceeds of the property, in the event that their attachments were discharged. Of this situation thus produced, the plaintiffs, with some show of reason, grievously complain.
While the affidavits, preliminary and suppletory, on the part of the defendants do not, and necessarily cannot, directly show an illegitimate disposition or secretion of property with intent to defraud the creditors of the firm *666 they do state some facts which quite forcibly produce that inference, but those in support of the motion may be so construed as to explain the cause of insolvency without such imputation. They were by the special term treated as satisfactorily repelling the charge so made by the plaintiffs. And the facts bearing upon that question presented by the affidavits on this motion are substantially no different from those represented on the motion of Mrs. Hayes, which was granted by order of the special term, affirmed by the general term on review. While the few additional facts now here go somewhat to the question of the credibility of the defendant Hayes as an affiant, they do not necessarily change the situation presented upon the former motion.
And, assuming that it was correctly determined, the order appealed from must be deemed supported.
We think the conclusion of the special term was permitted by the facts furnished by the affidavits, and that we are not justified in disturbing the result there given.
The order should.be affirmed.
Barker, P. J., Haight and Dwight, JJ., concur.