Evans, Assignee, etc. vs. Virgin and another.

Evans, Assignee, etc., Respondent, vs. Virgin and another, Appellants.

*September 25 — October 9, 1888.*

*Attachment: Dissolution: Levy of intervening execution: Order for return of property: Costs and damages: Setoff.*

1. Upon the dissolution of an attachment, the proceeds of a sale of the attached property, in the hands of the sheriff, are not in the custody of the law in such a sense as to preclude him from applying them upon an execution against the property of the same defendant, issued to and received by such sheriff after the receipt of such money.

2. The traverse of an affidavit for attachment being sustained, the court, under sec. 2746, R. S., ordered that the property be forthwith delivered up to the defendants; but as such property, being perishable, had been sold and the officer holding the proceeds of the sale had in the mean time levied thereon an execution against the defendants in favor of the plaintiff, and had paid the money to the plaintiff to apply on such execution, it was further ordered that such payment was a full compliance with the order to deliver the property to the defendants, and a complete discharge thereof. *Held,* that such order was correct. *Morawitz v. Wolf,* 70 Wis. 516, distinguished.

3. The defendants were not entitled, in such case, to so much of the money in the hands of the officer as would satisfy the costs and damages awarded to them upon the dissolution of the attachment, but such costs and damages were properly directed to be applied, as a setoff, upon the unpaid balance of the plaintiff's judgment.

APPEAL from the Circuit Court for *Grant* County.

The following statement of the case was prepared by Mr. Justice Cassoday:

This action was commenced against the firm composed of *N. H.* and *H. H. Virgin,* for a firm debt, and an attachment was issued therein, and property of the firm was attached, and also separate property of *N. H. Virgin,* one of the members of the firm. The defendants severally answered and traversed the attachment. The trial court

sustained the attachment. On appeal from the judgment on the traverse, this court sustained the attachment as to the separate property of the offending partner, *N. H. Virgin;* but reversed it and sustained the traverse as to the firm property. For a full statement of the facts, see the report of the case (69 Wis. 153), which was decided June 1, 1887.

It appears from the record, in effect, that the plaintiff recovered judgment in the circuit court in the principal action against both partners, March 2, 1886, for $68,194.09, damages and costs; that no appeal was ever taken from that judgment; that the personal property attached belonged wholly to the firm, or in part to *N. H. Virgin;* that said personal property, being perishable, was ordered to be sold by said trial court and converted into money, prior to said appeal; that the same was done accordingly, and the amount realized therefrom was about $2,900, which, after taking out expenses, was held by the sheriff subject to the order of the court; that, after said decision of this court, an execution was issued on said judgment in said principal action to said sheriff; that thereupon, and on or about June 8, 1887, the said sheriff having previously received said execution and levied upon such net proceeds in his hands, to wit, $2,728.28, applied the same upon that execution and paid over the same to the plaintiff; that, aside from the money so applied on said execution, the said execution was returned wholly unsatisfied, except as to a small amount realized from other sources, and that there is no property out of which to make further collection of the large balance so remaining unpaid; that upon filing the *remittitur* from this court in the trial court, and at the October term thereof for 1887, judgment on said traverse was rendered therein according to the mandate; that thereupon, and at the same term of said trial court, the defendants applied to that court for an order directing the said sheriff to

pay over to them the proceeds of the sale of said partnership property so attached; that in answer to such application of the defendants the plaintiff presented a petition to said trial court, stating the above facts, asking for an order to the effect that the application of said proceeds upon said execution, and paying the same over to the plaintiff as aforesaid, be in all things ratified and approved. Whereupon the said trial court, March 23, 1888, ordered and adjudged, in effect, upon such cross-applications and petitions, that said attachment was thereby dissolved and vacated as to the said firm property; that said firm have and recover their costs upon said traverse from said plaintiff, thereby taxed and allowed by the court to said firm at $150, and $200 damages, making for such damages and costs $350; that, as the trial of the traverse was after the trial and judgment in the principal action, the said sum of $350 was thereby ordered to be set off against the judgment in such principal action, and said firm property was thereby ordered to be returned to said defendants. But as said firm property had been sold and could not be returned to the defendants *in specie*, and as the proceeds thereof had been in good faith levied upon by said sheriff by virtue of said execution so placed in his hands, and in like good faith paid over by said sheriff to the plaintiff to apply on said execution, it was further ordered that said proceeds, so in the hands of said sheriff, were legally liable to be taken on said execution as they were; and that the payment by said sheriff of said proceeds to the plaintiff, to apply on said execution, was a full compliance on his part with the order to deliver said firm property to the defendants, and was and is a complete discharge thereof. From that order the defendants appeal.

For the appellants there were briefs by *W. H. Beebe* and *Bushnell & Watkins*, and oral argument by *A. R. Bushnell*. Under sec. 2746, R. S., the defendants were entitled to an order simply and purely for the return of the attached

property or the proceeds thereof, without further modification or direction. *Morawitz v. Wolf*, 70 Wis. 515; *Clark v. Lamoreux*, id. 508; *Keith v. Armstrong*, 65 id. 225. The process of the court having been used to wrongfully take the defendants' property away from them, the court must place them *in statu quo*. Drake on Attachm. (5th ed.), secs. 411, 426; Waples on Attachm. 434; 1 Am. & Eng. Ency. of Law, 934; *Blake v. Shaw*, 7 Mass. 505; *O'Connor v. Blake*, 29 Cal. 312; *McReady v. Rogers*, 1 Neb. 124; *Jackman v. Anderson*, 33 Ark. 414. The money in the hands of the sheriff was *in custodia legis*, and therefore could not be seized on attachment or on execution. *Hill v. L. C. & M. R. Co.* 14 Wis. 291; *J. I. Case T. M. Co. v. Miracle*, 54 id. 295; Drake on Attachm. (5th ed.), sec. 251; Waples on Attachm. 218; 22 Am. Law Reg. 665, and note. If the general rule were that money in the hands of the sheriff is liable to levy, still that could not be permitted here, because, the attachment having been wrongfully levied, the money was in the sheriff's hands as the result of the plaintiff's wrong, and he cannot be allowed to profit thereby.

For the respondent there was a brief by *Carter & Cleary*, and oral argument by *Wm. E. Carter*. They argued, among other things, that sec. 2746, R. S., means only that the attached property shall be returned to the defendant or to those who may, by assignment, attachment, or execution, stand in his stead. The two cases of *Morawitz v. Wolf*, 70 Wis. 515, and *Clark v. Lamoreux*, id. 508, each decided upon its own facts, lay down the sensible rule that when a traverse of an affidavit for attachment is sustained, the court shall — unless it is made to appear that the defendant has in any way parted with his interest in it — order that the attached property shall be forthwith returned to him. But it is not intended that when it shall appear to the court that there are other valid attachment, execution, or labor liens upon the property, or that the defendant has voluntarily

Evans, Assignee, etc. vs. Virgin and another.

parted with all interest in it, or his interest in it has been judicially sold and conveyed, it shall nevertheless be bodily taken away from its real owners and placed in his hands to dispose of as he may see fit.

CASSODAY, J.  If, upon the trial of an issue of traverse of an attachment, the court finds for the defendant, then the statute requires that the defendant's costs of such trial be taxed, and an order " entered that the property attached be forthwith delivered up to the defendant."   Sec. 2746, R. S.   In this case the trial court found for the plaintiff on the trial of the issue of traverse; but, on the filing of the *remittitur* on the reversal of that part of the order entered thereon relating to the firm property, that court did tax the costs of the defendants upon such trial, and entered an order, in legal effect, that the firm property so attached be forthwith delivered up to the defendants.   This was in pursuance of numerous cases in this court.   *Morawitz v. Wolf,* 70 Wis. 516;  *Clark v. Lamoreux,* 70 Wis. 512;  *Braunsdorf v. Fellner,* 69 Wis. 335;  *Keith v. Armstrong,* 65 Wis. 227. The authority of these several decisions, however, does not extend beyond the points decided in each, and the facts upon which such decision was based.   " It is a general rule," said MARSHALL, C. J., " that the positive authority of a decision is co-extensive *only* with the facts on which it is made."   *Ogden v. Saunders,* 12 Wheat. 333.   True, in the case first cited Mr. Justice LYON said: " The statute is imperative and contains no exception whatever.   The order must be entered in every case pursuant to its requirements, or it is error.   It is quite immaterial that the circumstances of the case may be such that the order, when entered, will be inoperative."   But neither in that case, nor in any of the other cases above cited, was the property or the proceeds thereof, in the hands of such attaching officer, taken or ap-

plied by him upon an intervening valid process against the property of the same defendants, as in this case.

As said upon the former appeal, "the affidavit stated a good ground for attachment against the property of the firm, and was therefore a protection to the officer." 69 Wis. 158. The property, being perishable, was, under the order of the court, properly converted into money, which was held by the sheriff in lieu of the property attached. The proceeds of such property, consisting of money in the hands of the attaching officer at the time when the execution was received by him, were rightfully levied upon, and paid over and returned as so much money collected, without exposing the same for sale as provided in sec. 2987, R. S., unless the sheriff was precluded from making such levy by reason of the money being in his own hands. Courts have so held, even in the absence of such statute. Freeman on Executions, sec. 111; Herman on Executions, sec. 124. Mr. Freeman considers the preponderance of the cases in this country as holding that money in the hands of a sheriff or constable, belonging to the defendant, being the surplus or residue remaining in possession of the officer after he has satisfied the writ, is not in the custody of the law, and therefore is subject to execution. He says: "The execution having been fully satisfied, the officer ceases to hold the money by virtue of the writ. As to the ascertained surplus, he is said to be liable to the defendant as for money had and received. Such surplus can therefore, while in the officer's hands, be reached by the defendant's creditors." Freeman on Executions, sec. 130, p. 179, and cases there cited. The same author says: "But the officer who has levied upon property may hold the same to answer for subsequent writs which come into his hands while the first levy remains in force. The mere receipt of the subsequent writ operates as a constructive levy upon all the property act-

ually or constructively in his possession under a prior writ." Id. sec. 135. To the same effect is Herman on Executions, sec. 174, p. 249. Of course, the same rule is applicable to successive attachments. *Halpin v. Hall*, 42 Wis. 176; 1 Am. & Eng. Ency. Law, p. 927, subd. 10. "Subsequent valid levies necessarily exclude those prior in point of time but wanting in compliance with the law in essential particulars." 1 Wade, Attachm. sec. 219; 1 Am. & Eng. Ency. Law, 927; *Robinson v. Ensign*, 6 Gray, 300; *Culver v. Rumsey*, 6 Bradw. 598. So here we must hold that, upon the dissolution of the attachment, the money realized thereon, and in the hands of the sheriff, is not to be regarded in the custody of the law in such a sense as to preclude the sheriff from applying it upon the execution against the property of the same defendants, issued to and received by the same officer after the receipt of such money. Freeman on Executions, sec. 135; *Sherry v. Schuyler*, 2 Hill, 204; *Van Winkle v. Udall*, 1 Hill, 559; *Gilman v. Williams*, 7 Wis. 329; *Woodmansee v. Rodgers*, 59 How. Pr. 402.

It is claimed, however, that in any event the defendants were entitled to enough of said money to satisfy the costs and damages awarded to them upon such dissolution of the attachment, instead of applying such costs and damages, as a setoff, upon the unpaid balance of the plaintiff's judgment. But such setoff was so allowed in strict obedience to the statute. Whether the trial of such traverse is before or after the trial of the principal action, the statute requires that the amount of such damages and costs upon such dissolution shall be applied "as a setoff to the plaintiff's demand as established upon the trial" of the principal action, when not in excess of it. Sec. 2746, R. S.; *Henderson v. Allen*, 56 Wis. 177.

*By the Court.*— The order of the circuit court is affirmed.