HUNTINGTON, Respondent, vs. MEYER, Appellant.

*February 20 — March 10, 1896.*

*Mortgages: Foreclosure: Failure to file notice of* lis pendens: *Jurisdiction: Judgment: Collateral attack: Docketing.*

1. A judgment of foreclosure of a mortgage entered without a notice of *lis pendens* having been filed as required by sec. 3187, S. & B. Ann. Stats., though irregular, is not void and is good as against collateral attack.

2. Sec. 2905a, S. & B. Ann. Stats., providing that a judgment affecting real estate "shall only be a lien from the time it is actually docketed," has no reference to a judgment of foreclosure of a mortgage, since that merely enforces a lien previously created by the mortgage itself.

APPEAL from a judgment of the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

Ejectment. The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *W. H. Beebe,* and for the respondent on that of *B. F. Huntington.*

CASSODAY, C. J.    This is an action of ejectment to recover possession of lots 1 and 2, in block K, of Rountree's Eastern Addition to Platteville, commenced December 21, 1893. The plaintiff claims title under and by virtue of a judgment of foreclosure and sale of a mortgage covering the lots mentioned and other lands, executed by N. H. Virgin and wife, January 19, 1881, to John Huntington, to secure the payment of $500 and interest, and which mortgage was duly recorded in the register's office about the time it was so given.    On the back of that mortgage there was an assignment of that note and mortgage to the plaintiff, executed by the executor of John Huntington, deceased, whose authority to act as such was duly proved.    There is no question but what title was shown to be in N. H. Virgin at the time of executing the mortgage. Some time prior to March 2, 1886, the plaintiff commenced an action in the circuit court for Grant county to foreclose that mortgage against N. H. Virgin, Emma V. Laughton, and Jonathan Evans, as assignee of Isaac Hodges.    The several defendants each made default, and the cause was referred, to ascertain and report the amount due.    The referee reported, and the report was confirmed March 2, 1886, and thereupon the usual judgment of foreclosure and sale was rendered by the court and entered of record.    The defendants in such foreclosure having failed to redeem, the two lots mentioned were sold to the plaintiff on such foreclosure sale, and such proceedings were had thereon that September 23, 1893, a sheriff's deed, duly executed, was issued thereon to the plaintiff of all the interest which N. H. Virgin and wife had in the two lots mentioned at the time of executing the mortgage, and the sheriff's report of sale was confirmed by the court November 2, 1893.

The defendant claims title under and by virtue of a certain attachment commenced by one Isaac Hodges against N. H. and H. H. Virgin, constituting the firm of N. H. Virgin & Son, February 11, 1884. Some time after that action was commenced Hodges made a general assignment for the benefit of his creditors to J. H. Evans, and thereupon Evans, as such assignee, was substituted as plaintiff in the'attachment suit. Such attachment suit was before this court in different forms. *Evans v. Laughton,* 69 Wis. 138; *Evans v. Virgin,* 69 Wis. 148; *Evans v. Virgin,* 69 Wis. 153; *S. C.* 72 Wis. 423. Such proceedings were had in the attachment suit that judgment was recovered therein March 2, 1886; that execution was issued thereon, and the two lots in question levied upon and sold thereon to J. B. McCoy, November 5, 1887; that the sheriff's certificate of sale was thereupon issued to McCoy, and a sheriff's deed issued thereon to McCoy, May 1, 1893, and that deed was recorded the next day; that May 9, 1893, McCoy and wife conveyed said lots by quitclaim deed to W. H. Beebe; that August 22, 1893, Beebe and wife conveyed the same by deed to the defendant, who claims the title under such attachment proceedings.

At the close of the trial the court found as matters of fact, in effect, that the plaintiff had been the owner in fee and entitled to the possession of the two lots mentioned ever since November 2, 1893, and that ever since that time the defendant had unlawfully withheld the possession, to the plaintiff's damage in the sum of $7.25, and that the allegations of the answer were untrue. As conclusions of law the court found that the plaintiff was entitled to the relief demanded in the complaint, and to judgment establishing her right to the possession, and for damages and costs. From the judgment entered thereon accordingly the defendant brings this appeal.

Both parties claim title from N. H. Virgin. It will be observed from the foregoing statement that the plaintiff in the

Huntington vs. Meyer.

attachment suit under and by virtue of which the defendant claims title was defendant in the foreclosure suit under which the plaintiff claims title. Since the mortgage was executed and recorded a long time prior to the commencement of the attachment suit, there can be no question but what the plaintiff has the paramount title if the foreclosure proceedings were °sufficient to vest title in her as against the defendant.

1. The principal objection to such foreclosure proceedings is that no "notice of the pendency of the action" was filed in the register's office as required by the statute. S. & B. Ann. Stats. sec. 3187. That statute declares, in effect, that in an action "for the foreclosure of a mortgage, such notice must be filed twenty days before judgment, and must contain the date of the mortgage, the names of the parties thereto, and the time and place of recording the same. . . . *From the time* of such filing . . . the pendency of such action shall *be constructive notice* thereof to a *purchaser or incumbrancer* of the property affected thereby." The failure to file the notice as thus required was undoubtedly an irregularity which would have reversed the judgment had there been an appeal therefrom. *Flood v. Isaac*, 34 Wis. 423. The manifest object of the statute is to provide constructive notice to any purchaser or incumbrancer of the property affected thereby. Where such purchaser or incumbrancer has actual notice, he cannot be prejudiced by such omission; nevertheless, the omission is an irregularity. Accordingly, it has been held that where a defendant in ejectment conveys the land in controversy, pending the suit, to one having full knowledge thereof, although no notice of *lis pendens* was filed, such grantee takes subject to the litigation, and can avail himself of no statute of limitations which was not available to such original defendant. *Wis. Cent. R. Co. v. Wis. River L. Co.* 71 Wis. 94. Since the mortgage was recorded long prior to the attachment suit, it is manifest that

no one claiming title only under the execution sale could be a *bona fide* purchaser as against the mortgage, or acquire any right in the land superior or paramount to the mortgage. The only apparent advantage which such *bona fide* purchaser could obtain by virtue of the omission to file the notice of *lis pendens* in the foreclosure action was the right to redeem from the mortgage, notwithstanding the foreclosure and sale. But such right to redeem could only be exercised by a *bona fide* purchaser. To constitute such *bona fide* purchaser, there must not only be an absence of notice, but also an actual payment of the consideration, or a fixed liability therefor. *Nix v. Wiswell*, 84 Wis. 343; *Prickett v. Muck*, 74 Wis. 206, and the cases cited in those opinions. It does not appear from the record before us that the defendant, or his grantor, Beebe, or McCoy, was such *bona fide* purchaser; and, besides, the question of such right to redeem is not here involved. *Hodson v. Treat*, 7 Wis. 263.

True, the statute required the notice of *lis pendens* in the foreclosure suit to be filed twenty days before the judgment, but that did not prevent the court from taking jurisdiction, either of the parties to that action or the subject matter of that action; nor did it deprive the court of jurisdiction to enter judgment in that action. This court has expressly held that a judgment of foreclosure of a mortgage, entered without proof of the filing of such notice, *is irregular, but not void;* and a motion to vacate it on that ground must be made at the same term. *McBride v. Wright*, 75 Wis. 306. Here the attack is entirely collateral to the foreclosure action, and hence could only be successful on the ground that the court was without jurisdiction to render judgment in that action. But the court did have jurisdiction, and hence the judgment, as here presented, cannot be treated as a nullity.

2. Counsel cite the statute which declares that, "a judgment or decree affecting real estate shall only be a lien from

the time it is actually docketed." Laws of 1885, ch. 200, sec. 2; S. & B. Ann. Stats. sec. 2905a. It is only necessary to say that a judgment of foreclosure and sale does not create a lien, but merely enforces a lien previously created by the mortgage itself; and hence the statute cited has no reference to such a judgment, except as to any deficiency.

We perceive no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.