**In re Edwin Robert BUNKE,
Social Security No. 503–
48–9283, Debtor.**

**Bankruptcy No. 93–10166.**

United States Bankruptcy Court,
D. South Dakota,
Northern Division.

Sept. 1, 1994.

Randall B. Turner, Aberdeen, SD, for debtor.

Robert M. Ronayne, Aberdeen, SD, for Farm Credit Bank of Omaha.

Thomas Lloyd, Asst. U.S. Atty., Pierre, SD, for IRS and FmHA.

## MEMORANDUM OF DECISION RE: FCBO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

IRVIN N. HOYT, Chief Judge.

The matter before the Court is the Motion for Relief From Automatic Stay filed by Farm Credit Bank of Omaha and Debtor's response thereto. This is a core proceeding under 28 U.S.C. § 157(b)(2). This Memorandum and accompanying Order shall constitute findings and conclusions as required by F.R.Bankr.P. 7052. As discussed more fully below, the Court concludes that since a foreclosure sale has not taken place, the mortgage relationship between Debtor and FCBO still exists and may be modified under 11 U.S.C. § 1222(b)(2). Therefore, relief from the automatic stay for cause will not be granted.

### I.

On June 29, 1971, Farm Credit Bank of Omaha (FCBO) loaned $24,000.00 to Edwin R. Bunke and his wife, Victoria. Edwin and Victoria Bunke gave FCBO a mortgage on certain real property. Edwin and Victoria Bunke defaulted on their obligations in 1992 by failing to pay real estate taxes on the mortgaged property. On August 12, 1993, FCBO obtained a summary judgment of foreclosure in state court against Edwin Bunke and Victoria Bunke (they were then divorced) for $19,862.56. A sheriff's sale was scheduled for October 18, 1993. A few hours before the sale, Edwin Bunke (Debtor) filed a Chapter 12 petition. In his schedule, filed November 2, 1993, Debtor stated FCBO has

a claim for $18,304.00 that is fully secured by a mortgage on all farm property.

On November 22, 1993, FCBO filed a *Motion for Relief From the Automatic Stay Imposed by 11 U.S.C. § 362 and § 1201.* FCBO contended that the state court foreclosure judgment terminated Debtor's interest in the property, except Debtor's statutory right to redeem as provided by state law, and it sought relief from the automatic stay for cause. Debtor responded on December 9, 1993 that FCBO's interest was adequately protected and that the property is necessary for an effective reorganization.

At a hearing on December 16, 1993, counsel for each party stated that facts were not disputed and they agreed that Debtor has equity in the property in excess of FCBO's claim. The parties presented the legal issue of whether the automatic stay that arose from Debtor's Chapter 12 petition stayed the county sheriff from conducting the foreclosure sale. Upon receipt of argument and post-hearing briefs, the Court concluded that a sheriff's sale of mortgaged land on which a foreclosure judgment has been entered is stayed under § 362(a) by the filing of a bankruptcy petition because the sale is a proceeding "against the debtor that was or could have been commenced before the commencement of the case under this title" or is an "enforcement, against the debtor or against property of the estate, of a judgment obtained before the [petition was filed]" as governed by § 362(a). Therefore, the Court held that FCBO must obtain relief from the automatic stay for cause [1] before the sheriff could conduct a foreclosure sale. The Court further noted that

> The parties have not argued, nor does the Court address herein, collateral questions that arise from this decision, including what constitutes cause for relief at this stage of a foreclosure, the effect, if any of 11 U.S.C. § 108(b), and whether under 11 U.S.C. § 1222(b)(2) Debtor may modify FCBO's judgment rights through a Chapter 12 plan. Those questions are left to another day.

---

1. The parties have stipulated that Debtor has equity in the property so FCBO may not obtain

*In re Edwin R. Bunke,* 173 B.R. 172, 177 (Bankr.D.S.D.1994). The "another day" arrived May 26, 1994 when the parties filed additional stipulated facts and asked the Court to determine whether cause for relief existed. The additional stipulated facts include:

1. As of May 17, 1994, Debtor owed FCBO $21,677.94 plus possible attorneys fees and costs under 11 U.S.C. § 506(b);

2. In addition to the $1,358.20 in 1991 real estate taxes that FCBO advanced Debtor (included in the $21,677.94 above), Debtor's 1992 and 1993 real estate taxes totaling $5,146.97 are delinquent.

3. Debtor is obligated to pay real estate taxes under the terms of his note and mortgage with FCBO and it was his failure to pay the 1991 taxes that caused FCBO to commence the state foreclosure proceeding.

4. Debtor has not made a November 1, 1993 post-petition payment to FCBO of $2,062.98.

5. As of May 25, 1994, Debtor is unable to pay in full the $21,677.94 judgment plus costs and interest (to May 17, 1994) owed to FCBO.

6. As of May 25, 1994, Debtor is unable to cure the delinquent real estate taxes of $5,146.97.

7. As of May 25, 1994, Debtor would be unable to perform under a plan that required him to pay FCBO its matured principal and interest.

8. As of May 25, 1994, Debtor would be unable to perform under a plan that required him to pay the matured principal and interest and the delinquent real estate taxes.

9. FCBO is adequately protected by the value of the Debtor's real estate that secures FCBO's claim.

10. Debtor's real estate is necessary for an effective Debtor's reorganization.

11. Debtor would be able to confirm a plan, over FCBO's objection, if allowed to

relief under 11 U.S.C. § 362(d)(2).

modify FCBO's right to payment under 11 U.S.C. § 1222(b)(2).

## II.

■ *Relief From the Stay for Cause.* Cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1) is not defined by the Code but must be determined on a case by case basis. *Universal Life Church, Inc., v. I.R.S. (In re Universal Life Church, Inc.)*, 127 B.R. 453, 455 (E.D.Cal.1991) *aff'd*, 965 F.2d 777 (9th Cir.1992). It has been interpreted to include "any reason whereby a creditor is receiving less than his bargain from a debtor and is without remedy because of the bankruptcy proceeding." *In re Food Barn Stores, Inc.*, 159 B.R. 264, 267 (Bankr. W.D.Mo.1993). The burden of proof is on the movant. *Id.*

*Treatment of Secured Claim.* Section 1222(b)(2) provides that a Chapter 12 debtor's plan may "modify the rights of holders of secured claims." Unless otherwise agreed, the secured creditor either must retain his lien and receive, as of the effective date of the plan, the allowed amount of his secured claim or he must receive the property securing his claim. 11 U.S.C. § 1225(a)(5). A secured claim may be paid over a period longer than the plan term if the requirements of § 1225(a)(5) are met. 11 U.S.C. § 1222(b)(9).

## III.

■ The crux of the legal issue presented by the parties is whether Debtor may modify FCBO's secured claim under 11 U.S.C. § 1222(b)(2) now that FCBO has obtained a judgment and a judgment lien. If the secured claim may be modified, Debtor can reorganize timely by paying FCBO the present value of its secured claim over time. FCBO thus would be without cause for relief from the automatic stay. If Debtor cannot modify FCBO's secured claim, Debtor has no present ability to pay the claim in full. Consequently, FCBO would have cause for relief since Debtor could not propose a confirmable plan. Whether FCBO's secured claim may be modified is a question that may be answered by looking at the nature of the judgment and judgment lien and their relationship to the FCBO's note, mortgage, and mortgage lien.

As noted in the Court's Memorandum of Decision entered April 11, 1994 in this case, FCBO's judgment incorporates the mortgage and becomes security for FCBO's claim under S.D.C.L. § 21–47–11. This relationship between the judgment and mortgage and their respective liens is best described by an early South Dakota Supreme Court opinion.

> [T]he docketing of a proper judgment [in a foreclosure action] does not operate to extinguish the lien created by the parties to the mortgage. The [judgment] lien attaches to *all* the real property of the debtor, except his homestead, in the county where the judgment is docketed, while the lien created by the contract [i.e., mortgage] attaches only to the property described in the mortgage. If the docketing of a judgment in an action to foreclose a real estate mortgage extinguishes the mortgage lien, leaving only the judgment lien, the collection of a debt secured by a mortgage on a homestead cannot be enforced when the debtor has no property other than a homestead. In such a case, if the mortgage lien merges in the judgment lien, the creditor loses his lien by attempting to enforce it. Certainly the Legislature did not intend the statute to have that effect.... An action to foreclose is brought for the purpose of enforcing the existing lien, not for the purpose of creating any new rights or obligations.... The lien of such a mortgage is accessory to the obligation that it secures; it is extinguished by the extinguishment of the obligation and by a *sale* of the mortgaged premises in satisfaction of the obligation; but it is not extinguished by the mere lapse of the time [as may happen with a judgment lien]. [Cite therein.] The debt secured by the mortgage in the case at bar may have merged in the judgment which determined the validity and amount; but the lien created by the [mortgage] was neither merged in nor extinguished by such judgment. Though the form or evidence of the debt may have been changed, the unsatisfied, recorded [mortgage] remained.

*Rhomberg v. Bender*, 28 S.D. 609, 134 N.W. 805, 806 (1912) (emphasis added). This reasoning remains sound today. While the judgment determined the validity and amount of FCBO's secured claim against Debtor and may have merged with the note, the judgment did *not* extinguish either the mortgage or the mortgage lien. The mortgage and mortgage lien remain intact until there has been a foreclosure sale. Thus, a contractual relationship between FCBO and Debtor still exists.

Since a contractual relationship between Debtor and FCBO still exists absent the foreclosure sale, the Court cannot find any statutory bar that would preclude Debtor from modifying FCBO's secured claim under §§ 1222(b)(2), 1222(b)(9) and 1225(a)(5). *Compare Justice v. Valley National Bank*, 849 F.2d 1078 (8th Cir.1988) (debtor's power to cure defaults and modify the rights of secured creditors under § 1222(b) is not applicable after a foreclosure sale has been held). Although FCBO's effort to foreclose the mortgage was interrupted by Debtor's intervening Chapter 12 petition, FCBO nonetheless improved its position by having its debt validated and liquidated.[2] Debtor, however, still has the legal and equitable title to his mortgaged property. The note and mortgage between Debtor and FCBO remain viable and, thus, may be modified under § 1222(b)(2).

The parties having stipulated that FCBO's interest is adequately protected and the Court having found that Debtor's mortgage relationship with FCBO still exists and may be modified under 11 U.S.C. § 1222(b)(2), the Court concludes FCBO has not shown cause for relief from the automatic stay. Accordingly, FCBO's motion for relief from the automatic stay will be denied. An appropriate order will be entered.

---

**2.** FCBO also may have "improved" its secured position by obtaining a general judgment lien on any equity in Debtor's non homestead real property, *see* S.D.C.L. § 15–16–7; *but see Rhomberg*, 134 N.W. at 806, and in any after acquired real property. *See Murphy v. Connolly*, 81 S.D. 644, 140 N.W.2d 394, 398 (1966). Since FCBO is fully secured by its specific mortgage lien, however, that issue is not presented here.